WILLIAM C. BUTTMI, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

City Court of New York, Bronx County, November 12, 1931.

*Ivan E. Maginn,* for the plaintiff.

*Walter A. Byrnes,* for the defendant.

DONNELLY, J. In *Williams* v. *City of New York* (214 N. Y. 259, 262) it appears that the plaintiff, on January 20, 1912, slipped on a snowy and icy sidewalk and broke his leg. The sidewalk was adjacent to a vacant block on St. Ann's avenue between One Hundred and Thirty-eighth and One Hundred and Thirty-ninth streets. It was all covered with snow and hard ice, packed down and about two inches thick. The snow and ice had been there during five or six days before the accident. The last snow storm previous thereto occurred five or six days before and was quite a heavy one. None of the snow was removed after that snow storm and before the accident. The condition of the ice was rough where people had packed down the snow and ice had formed on top of it. There had been flurries of snow and rain — little flurries — about two days before the accident. The court held that these facts showed *prima facie* (1) a dangerous and unusual condition of the street, and (2) the lapse of sufficient time to charge the city with constructive notice of that condition.

In the instant case there was evidence from which the jury could infer that the sidewalk on which the plaintiff fell on the south side of One Hundred and Sixty-sixth street, between Carroll place and Sheridan avenue, was covered with ice about two inches thick for at least a month prior to the accident on February 20, 1928. There is a steep grade on One Hundred and Sixty-sixth street, extending from

Carroll place to Sheridan avenue. As plaintiff was walking along the sidewalk, he started to slip on the ice thereon when he was about fifty feet from Sheridan avenue, and finally fell against a pole a few feet from the southwest corner of One Hundred and Sixty-sixth street and Sheridan avenue. There had been a snow storm two days before the accident, but there was testimony from which the jury could find that the snow which had fallen then had been blown away by the heavy wind. One-half of the block, which is where the plaintiff started to fall, is vacant. The other half of the block is occupied by an apartment house.

The facts in the instant case seem to come within the rule announced in *Williams* v. *City of New York* (*supra*), and, for that reason, the motion to set aside the verdict is denied, with an exception to defendant. Ten days' stay of execution, and thirty days to make and serve a case, allowed.